UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

James Covington

   v.                             Case No. 19-cv-384-JD

New Hampshire State Prison Warden
Michelle Edmark, Veronica Paris,
Bernie Campbell, Brian Isabelle,
James Brown, Michael Mosher, and
FNU Castallano

## REPORT AND RECOMMENDATION

Before the court is pro se plaintiff James Covington's complaint, which the court construes as having been filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).

## Background

Plaintiff is a prisoner of the State of New Hampshire who alleges that beginning in January 2013 he engaged in sexual intercourse and/or oral sex twice weekly with defendant Veronica Paris, identified as a nurse at the New Hampshire State Prison ("NHSP") in Concord. Plaintiff alleges that these encounters occurred in the Health Services Center on the nights Paris worked alone. On those nights, plaintiff asserts, he was authorized to clean offices and wax floors without supervision.

1

According to the complaint, the sexual encounters ended on or about July 9, 2018. Plaintiff asserts that he made sexual assault allegations against Paris under the Prison Rape Elimination Act ("PREA"), and that on October 30, 2018, the PREA advocate notified him that his allegations had been substantiated after an investigation by the NHSP Internal Investigations Department. Plaintiff sues Paris in her individual capacity and seeks compensatory and punitive damages for violation of his rights under the Eighth Amendment.

Plaintiff also seeks compensatory and punitive damages for Eighth Amendment violations by defendants Bernie Campbell, identified as Deputy Director of Medical Forensics at NHSP, and Brian Isabelle, James Brown, Michael Mosher, and FNU Castallano, identified as NHSP officers, in their individual capacities. Covington claims that these defendants played an unspecified role in authorizing unsupervised release from his housing unit to clean offices on nights defendant Paris worked alone in the Health Services Center. Finally, Covington sues Michelle Edmark in her official capacity as Warden of NHSP, alleging she had "constructive knowledge" of the other defendants' practice of sending him, unsupervised, to clean offices and wax floors in the Health Services Center on nights Paris worked alone.

**Preliminary Review Standard**

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine, among other things, whether the plaintiff has asserted any claim upon which relief might be granted or seeks monetary relief from any defendant who is immune from the relief sought. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1). To determine if the pleading states a claim upon which relief can be granted, the court first disregards any parts of the pleading that amount to legal conclusions; next, takes as true all well-pleaded facts in the plaintiff's complaint, the inferences reasonably drawn from those facts, implications from documents incorporated into the complaint, and facts subject to judicial notice; and finally, construes those facts in a light most favorable to the plaintiff's theory of liability. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013). In determining whether a pro se pleading states a claim upon which relief can be granted, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**Discussion**

I.  Eighth Amendment Individual Capacity Damages Claims

   A.  Elements

The Eighth Amendment guarantees the right to be free from "cruel and unusual punishments" while in custody. Whitley v. Albers, 475 U.S. 312, 318 (1986) (quoting U.S. Const. amend. VIII). A properly stated Eighth Amendment claim must allege a subjective and objective element. Hudson v. McMillian, 503 U.S. 1, 8 (1992). First, it must appear from the complaint that the defendant official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the conduct must have been objectively "harmful enough," or "sufficiently serious" to violate the Constitution. Id.

B.  Sexual Abuse

"[P]rison sexual abuse can violate the Constitution." Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018) (citing Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012)). "[S]evere or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." Ricks, 891 F.3d at 474 (citation omitted). "Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." Id. (citation and internal quotation marks omitted).

Plaintiff has sufficiently alleged an Eighth Amendment sexual abuse claim against defendant Paris to survive initial review. In an Order issued this date, the court has directed service of Plaintiff's Eighth Amendment claim against defendant Paris.

C.   Endangerment

Under the Eighth Amendment, "[p]rison officials have a duty to . . . take reasonable measures to guarantee the [health and] safety of the[ir] inmates." Giroux v. Somerset Cty., 178 F.3d 28, 31 (1st Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)) (internal quotation marks omitted). To state a claim that a prison officer failed to protect an inmate in violation of the Eighth Amendment, the inmate must allege facts showing that the officer was deliberately indifferent to his health or safety. See Farmer, 511 U.S. at 834. A prison official or officer is not deliberately indifferent to an inmate's safety "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Covington has failed to allege any facts from which it reasonably can be inferred that defendants Edmark, Campbell,

5

Isabelle, Brown, Mosher, or Castallano knew of and disregarded the risk that Paris would sexually abuse Covington or that these defendants were aware of facts from which they could have inferred there was a substantial risk Paris would sexually abuse Covington and that they drew that inference.  In short, Covington has failed to allege sufficient facts to state an Eighth Amendment claim for relief for those supervisory defendants' alleged failure to protect him from sexual abuse by defendant Paris.  As such, the district court should dismiss Covington's Eighth Amendment claims against defendants Edmark, Campbell, Isabelle, Brown, Mosher, and Castallano.

II.  Eleventh Amendment and Official Capacity Damages Claims

Covington is seeking compensatory and punitive damages for an Eighth Amendment violation against Edmark in her official capacity as Warden.  See Compl. (Doc. No. 1) at 6.  "Absent an explicit waiver from the state, the Eleventh Amendment bars official capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief."  Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003).  Covington does not seek prospective injunctive relief, and nothing suggests that New Hampshire has waived its immunity for purposes of Covington's § 1983 claims.  Accordingly, the district judge should dismiss Covington's Eighth Amendment claim against

6

defendant Edmark in her official capacity, as she is immune from the relief sought. See 28 U.S.C. § 1915(e)(2).

## Conclusion

For the foregoing reasons, the district judge should dismiss Covington's claims against defendants Edmark, Campbell, Isabelle, Brown, Mosher, and Castallano, and those defendants should be terminated from this action. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 27, 2019

cc: James Covington, pro se