UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


James Covington

      v.                            Civil No. 19-cv-384-JD
                                    Opinion No. 2021 DNH 005

Veronica Paris


O R D E R


James Covington, who is proceeding pro se and is an inmate
at the New Hampshire State Prison for Men, brings a claim
against Veronica Paris, pursuant to 42 U.S.C. § 1983, alleging
that she sexually assaulted him at the prison in violation of
the Eighth Amendment when she worked there as a nurse.  Paris,
who is also proceeding pro se, moves to dismiss the claim
against her.  Covington objects.

The complaint was previously reviewed pursuant to 28 U.S.C.
§ 1915(e)(2) and Local Rule 4.3(d)(1) to determine whether
Covington asserted any claim on which relief might be granted.
Doc. no. 11.  Under the preliminary review standard, the
magistrate judge construed the complaint liberally and took the
properly pleaded allegations as true and in the light most
favorable to Covington.  Id. at *3.  The magistrate judge
concluded that Covington had stated a claim against Paris that

she violated his Eighth Amendment rights.[1]  Id. at *7.  The
report and recommendation was approved.  Doc. no. 15.


A.  Motion to Dismiss/Judgment on the Pleadings

    Because Paris has filed her answer, her motion is construed
as a motion for judgment on the pleadings under Federal Rule of
Civil Procedure 12(c) rather than a motion to dismiss under Rule
12(b)(6).  Parker v. Landry, 935 F.3d 9, 13 (1st Cir. 2019).
Under Rule 12(c), the court takes the factual allegations in the
complaint as true and in the light most favorable to the
plaintiff and determines whether the plaintiff has pleaded
sufficient facts to state a plausible claim for relief.
Villeneuve v. Avon Prods., Inc., 919 F.3d 40, 49 (1st Cir.
2019).  To allege a plausible claim, the plaintiff must include
sufficient facts to raise the claim above speculation based on
both judicial experience and common sense.  Id.

    In support of her motion, Paris disputes the allegations in
the complaint and contends that the events alleged did not
happen.  She also contends that the prison did not properly
investigate Covington's report against her.  In his objection,
Covington reiterates the allegations in his complaint and refers
to an investigation that was done in the prison in response to

---

[1] The claims against other defendants were dismissed.

his report of his relationship with Paris.  He also refers to a
decision issued by a state judge.[2]

As is stated above, a motion for judgment on the pleadings
is decided based on the allegations in the complaint, which are
taken as true and all reasonable inferences are resolved in the
plaintiff's favor.  To succeed on the motion, Paris would have
to show that Covington's allegations in the complaint, taken as
true, do not state an Eighth Amendment violation.  Paris's
denials of those allegations are insufficient to support a
motion for judgment on the pleadings.  In addition, the court
does not consider extrinsic evidence, except in certain limited
circumstances, in deciding a motion for judgment on the
pleadings.  Therefore, Paris's motion, which disputes the
allegations in the complaint, cannot succeed under Rule 12(c).

B.  Covington's Claim against Paris

Covington alleges that he and Paris had a sexual
relationship for more than five years.  During that time, he was
an inmate at the prison, and Paris was a nurse working in the
Health Services Center.  Covington alleges that he and Paris
engaged in sexual activity on the nights that she was working

---

[2] Covington previously filed a copy of a notice about the
investigation, not the actual results of the investigation, and
filed one page of the state court decision.

alone and he was cleaning offices and floors without
supervision.  He further alleges that their relationship
violated his Eighth Amendment rights.

The standard for proving an Eighth Amendment violation is
provided in the report and recommendation.  Doc. no. 11, at *4.
To prove his claim at trial, Covington bears the burden of
producing evidence to show, by a preponderance of the evidence,
that his relationship with Paris was "objectively, sufficiently
intolerable and cruel, capable of causing harm, and [that Paris
had] a culpable state of mind." Drumgo v Kuschel, 811 F. App'x
115, 118 (3d Cir. 2020); Ullery v. Bradley, 949 F.3d 1282, 1290
(10th Cir. 2020); Chao v. Ballista, 806 F. Supp. 2d 358, 375 (D.
Mass. 2011).  To refute Covington's claim of an Eighth Amendment
violation, Paris must either show that Covington lacks evidence
to prove his claim or provide evidence to show that the sexual
relationship Covington asserts did not occur, was not
objectively sufficiently intolerable or cruel to violate the
Eighth Amendment, or that she did not have a culpable state of
mind.  Evidence that an inmate consented to a sexual
relationship is relevant to whether the sexual activity was
sufficiently intolerable and cruel to violate the Eighth
Amendment.  See, e.g., Wood v. Beauclair, 692 F.3d 1041, 1048-49
(9th Cir. 2012); Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir.

1997); Rotchford v. Davies, 19-cv-05154-RBL-JRC, 2019 WL
1873953, at *3 (W.D. Wash. April 25, 2019) (citing cases).

In addition, Paris may be entitled to qualified immunity.
"Government officials sued in their individual capacities are
immune from damages claims unless '(1) they violated a federal
statutory or constitutional right, and (2) the unlawfulness of
their conduct was clearly established at the time.'" Irish v.
Fowler, 979 F.3d 65, 76 (1st Cir. 2020) (quoting District of
Columbia v. Wesby, 138 S. Ct. 577, 589 (2018)).  "When a
defendant invokes qualified immunity, the burden is on the
plaintiff to show that the defense is inapplicable." Escalera-
Salgado v. United States, 911 F.3d 38, 41 (1st Cir. 2018).

If Paris invokes qualified immunity from Covington's claim
that her actions violated his Eighth Amendment rights, to
overcome the immunity, Covington must show that his Eighth
Amendment right was clearly established during the time of their
relationship. Norton v. Rodrigues, 955 F.3d 176, 184 (1st Cir.
2020).  To meet that requirement, Covington must show that
controlling legal authority or a consensus of cases exists that
would have notified a reasonable official in Paris's position
about what conduct would violate the Eighth Amendment. Id.  The
court must then determine whether a reasonable official in
Paris's position would have known that her actions would violate

5

Covington's rights.  Id.  If Paris is entitled to qualified
immunity, the case will be dismissed.

C.  Summary Judgment

     In contrast to a motion for judgment on the pleadings, a
motion for summary judgment is decided based on evidence rather
than mere allegations.  For that reason, the allegations in the
complaint are not accepted as true and instead the motion is
decided based on the evidentiary record.  That is the more
appropriate context in which to test the claim in this case.

     A party may move for summary judgment on a claim or part of
a claim or a defense.  Fed. R. Civ. P. 56(a).  The court will
grant a motion for summary judgment if the moving party "shows
that there is no genuine dispute as to any material fact and
[that the moving party] is entitled to judgment as a matter of
law."  Id.

     1.  Requirements of Rule 56

     In moving for or objecting to summary judgment, a party
cannot rely on the allegations in the complaint.  Instead, a
party must support its position or argument by citing to
documents, affidavits, declarations, or other materials that are
submitted with the motion or the objection.  Fed. R. Civ. P.
56(c).  The materials submitted must be in a form that would be

admissible in evidence.  Id.  A copy of Rule 56 is appended to this order.

Affidavits or declarations may be used to support or oppose a motion for summary judgment.  To be considered, however, an affidavit or declaration must be based on the person's own personal knowledge, provide facts that would be admissible in evidence, and show that the person is competent to testify to the facts stated.  Fed. R. Civ. P. 56(c)(4).  In addition, the truth of the facts stated in an affidavit must be sworn to before an appropriate official, such as a notary public, or the statement must be in the form of an unsworn declaration under 28 U.S.C. § 1746 that declares the facts to be true under penalty of perjury and is signed by the declarant.  See, e.g., Naes Corp. v. Coastal Resources of Maine, LLC, 2020 WL 7233350, at *2 (D. Me. Dec. 8, 2020).

An attestation that the declarant signed the document is not sufficient to make the document an affidavit or an unsworn declaration under § 1746.[3]  The affiant must swear to his or her personal knowledge and the truth of the facts stated or sign under penalty of perjury.  As a note of caution, although an affidavit does not necessarily include the language that it is

---

[3] For example, Paris's motion to dismiss is not an affidavit because it lacks the necessary statements about her personal knowledge and the truth of the facts stated.

signed under penalty of perjury, a material falsehood in a sworn affidavit may constitute perjury.  See 18 U.S.C. § 1621.

To the extent either party relies on other documents in support of or in opposition to summary judgment, that party must show that the document could be admitted in evidence.  For example, submitting only one page from a state court decision is not admissible evidence.  The court also cannot consider a party's statements about what an investigation did or did not find or about the integrity of the investigation.  Instead, the party relying on the investigation must provide a copy of the investigation report or an affidavit or deposition testimony from the investigator.  A party disputing the investigation must provide evidence to support the asserted grounds for the dispute.  Similarly, to the extent a party relies on information from someone else, that information must be submitted in the form of an affidavit or deposition testimony from that person.

### 2.  Requirements of Local Rule 56.1

In this district, motions for and objections to summary judgment are also governed by Local Rule 56.1.  Under LR 56.1, a motion for and an objection to summary judgment must include a memorandum in support with a statement of material facts and citations to supporting materials in the record.  A copy of that rule is appended to this order.

C.   Schedule

Under the parties' discovery plan, the deadline for motions for summary judgment is June 7, 2021.


D.   Representation

Both parties are proceeding pro se in this case.  The claim, potential defenses, and discovery process raise challenging issues for pro se parties.  Trial would also pose challenges for the pro se parties.  The court encourages both parties to seek counsel to represent them in this case.


Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 53) is denied.

Either party may file a properly supported motion for summary judgment on or before June 7, 2021.

SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge

January 7, 2021

cc:  James Covington, pro se.
     Veronica Paris, pro se.