```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>James Covington</u>

    v.                                        Civil No. 19-cv-384-JD

<u>Veronica Paris</u>

<u>O R D E R</u>

Both parties in this case are proceeding pro se.  In an order issued on January 7, 2021, the court denied the motion to dismiss filed by Veronica Paris and instructed the pro se parties on the procedures for moving for summary judgment.  The deadline to move for summary judgment is June 7, 2021.

James Covington has filed a motion for summary judgment.  Paris neither responded to Covington's motion nor filed a motion on her own behalf.

Covington's motion for summary judgment does not comply with the summary judgment requirements, which were provided in the order issued on January 7.  Covington cannot rely on the allegations in his complaint, the magistrate judge's review of the complaint, or various documents that are referenced but not filed with the motion.  Before filing a subsequent motion, Covington shall review the January 7 order and take care that his motion and supporting materials conform to the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.1.

Further, Covington may not convert the entire motion into an affidavit by including a statement at the end under 28 U.S.C. § 1746. See January 7 order, doc. no. 56, at *7-*8. Covington's motion does not comply with the requirements for a sworn declaration or an affidavit. Id.

To the extent Covington or Paris relies on an affidavit or declaration in support of or in opposition to summary judgment, that separate document shall comply with the requirements provided in the January 7 order, including a statement attesting to the truth of the matters stated and the affiant's personal knowledge of those matters under penalty of perjury. Further, no statements may be included in an affidavit or declaration that are not based on the personal knowledge of the declarant. For example, an affidavit or declaration cannot include statements submitted for their truth about what the declarant was told by someone else or what the declarant believes.

Paris may also file a motion for summary judgment before June 7, 2021. In doing so, she is also instructed to review the January 7 order and to take care that her motion and memorandum conform to the requirements of Federal Rule of Civil Procedure 56 and to Local Rule 56.1.

Conclusion

For that reason, the motion for summary judgment (document no. 59) is denied without prejudice to filing a properly supported motion before the deadline of June 7, 2021.

If Covington files a motion for summary judgment, Paris shall file a response within **THIRTY DAYS** that conforms to the requirements of Rule 56 and LR 56.1.  Covington will then have **seven days** to file a reply, and Paris may respond with a surreply within **five days**.

Paris may also file a motion for summary judgment before the June 7, 2021, deadline.

If Paris files a motion for summary judgment, Covington shall file a response within **THIRTY DAYS** that conforms to the requirements of Rule 56 and LR 56.1.  Paris will then have **seven days** to file a reply, and Covington may respond with a surreply within **five days**.

SO ORDERED.

                                                                                            Joseph A. DiClerico, Jr.
                                                                                           United States District Judge

March 2, 2021

cc:  James Covington, pro se.
     Veronica Paris, pro se.