UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

James Covington

    v.                                    Civil No. 19-cv-384-JD
                                        Opinion No. 2021 DNH 073

Veronica Paris

O R D E R

James Covington, who is an inmate at the New Hampshire State Prison for Men and is proceeding pro se, brought a claim that he was sexually assaulted by Veronica Paris, a nurse at the prison, and that the assault violated his Eighth Amendment rights. Paris is also proceeding pro se. Previously, the court instructed the parties on the summary judgment procedure. Doc. no. 56. Covington moved for summary judgment, and the motion was denied because it lacked appropriate support. Doc. no. 62. The court again provided the requirements for summary judgment.

Covington now moves for summary judgment a second time. Once again, he did not follow the requirements of Local Rule 56.1, although a copy of that rule was provided with the court's order issued on January 7, 2021, along with a copy of Federal Rule of Civil Procedure 56. He did not include a factual statement supported by citations to record evidence in his motion and instead refers to his allegations. He also ignored the legal standard necessary to prove his claim that was provided in the January 7 order. Paris did not file a response.

## Standard of Review

Summary judgment is appropriate when if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the party moving for summary judgment in this case, the plaintiff bears the burden of showing that summary judgment is appropriate. Joy v. Rushmore Loan Mgmt. Servs., 2017 WL 6994890, at *1 (D. Me. Sept. 1, 2017). When the nonmoving party fails to respond to a motion for summary judgment, the court nevertheless determines whether the moving party has met the summary judgment standard. Murray v. Walmart Stores Inc., 2019 WL 6689900, at *5 (D. Me. Dec. 6, 2019).

## Discussion

Covington alleges an Eighth Amendment sexual assault claim against Paris. In support, he provides a copy of a notification to him from Todd Phelps, Investigator for the New Hampshire Department of Corrections, that after an investigation of his allegations it had been determined that the sexual relationship with a prison staff occurred. He argues that his sexual relationship with Paris proves that she violated his Eighth Amendment rights. He is mistaken.

A.  Proof of Claim

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986).  To prove an Eighth Amendment violation, an inmate must satisfy a two-step standard. Hudson v. McMillan, 503 U.S. 1, 4 (1992).  The subjective component requires proof that the prison staff person acted with a sufficiently culpable state of mind, and the objective component requires proof that the challenged conduct was sufficiently objectively harmful to cause a constitutional violation.  Id. at 8.

As was previously explained, sexual activity between an inmate and a prison staff member may cause an Eighth Amendment violation but only in certain circumstances.  See January 7 Order, doc. no. 56, at *4; Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); Ojo v. Hillsborough County Dept. of Corrs., 2014 DNH 102, 2014 WL 1803309, at *5 (D.N.H. May 7, 2014). Sexual assault of an inmate by a prison guard violates the Eighth Amendment.  See Brown v. Flowers, 974 F.3d 1178, 1185-86 (10th Cir. 2020); Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).  To rise to the level of assault, however, the sexual activity must be forced, not consensual. Rafferty v. Trumbull County, 915 F.3d 1087, 1096 (6th Cir. 2019); Graham v. Sheriff of Logan County, 741 F.3d 1118, 1123-24 (10th Cir.

3

2013). Some courts presume that an inmate cannot consent to sexual activity with a guard, based on the authority a guard has over every aspect of an inmate's life. See Lucente v. County of Suffolk, 980 F.3d 284, 305 (2d Cir. 2020); Rafferty, 915 F.3d 1087 at 1096; Wood v. Beauclair, 692 F.3d 1041, 1047 (9th Cir. 2012); Cash v. County of Erie, 654 F.3d 324, 337 (2d Cir. 2011). In non-consensual circumstances, sexual assault occurs when "a prison staff member, acting under color of law and without legitimate penological justification, touche[s] the prisoner in a sexual manner or otherwise engage[s] in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild, 947 F.3d at 1145.

   Covington argues that his sexual relationship with Paris violated his Eighth Amendment rights simply because he is an inmate and she was a prison staff member. Covington has not shown, however, that Paris sexually assaulted him. Importantly, Covington provides no evidence that Paris had any authority over him or that their more than five-year relationship, as he alleges it, was coerced.

   Paris was a nurse at the prison. Covington had contact with her when he cleaned at night and she covered the Medical Services Center, in the same area. Paris was not a guard. Covington was not her patient. Apparently, during the more than

4

five years that the relationship continued, Covington never reported assault or abuse or otherwise made any effort to stop the relationship or avoid Paris until July of 2018. The record includes no allegations, much less proof, that Paris coerced Covington into a sexual relationship. Based on the meager record available, it appears that the relationship between Paris and Covington was entirely consensual.

Therefore, Covington has not provided evidence that he was sexually assaulted to support his Eighth Amendment claim. For that reason, his motion for summary judgment is denied.

B. Status of Case

Covington has had two opportunities to present evidence and argument for summary judgment in his favor but has not provided sufficient evidence to prove his claim. Discovery has been fully developed in this case. In appropriate circumstances and after notice and an opportunity to respond, the court may enter summary judgment, sua sponte, for a nonmovant. Fed. R. Civ. P. 56(f)(1); Chung v. StudentCity.com, Inc., 854 F.3d 97, 103 (1st Cir. 2017); Block Is. Fishing, Inc. v. Rogers, 844 F.3d 358, 364 (1st Cir. 2016); Wells Real Estate Inv. Tr. II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 52 (1st Cir. 2010); Sanchez v. Triple-S Mgmt., Corp., 492 F.3d 1, 7 (1st Cir. 2007);

Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996).

Covington is put on notice that summary judgment may be entered in favor of Paris.  In response, Covington shall file a memorandum to show cause why summary judgment should not be entered, as is provided below.

## Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 63) is denied.

**Within thirty days of the date of this order**, Covington shall file a memorandum to show cause why summary judgment should not be entered in favor of Paris.  If the show cause memorandum is insufficient or if no response is filed within the time allowed, the court will enter summary judgment in favor of Paris and close the case.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge

April 15, 2021

cc:  James Covington, pro se.
     Veronica Paris, pro se.