Covington v. Paris
19-cv-384-JD

## Memorandum To Show Cause

In the complaint filed, the plaintiff asserts that he made sexual assault allegations against defendant Paris under the Prison Rape Elimination Act ("Prea") and that on October 30, 2018, the Prea advocate notified him in person at the Northern NH Correctional Facility that his allegation had been substantiated after an investigation by the NHSP internal investigations Department.

Under NH Law and D.O.C. policy, the plaintiff could never voluntarily consent to sexual intercourse with anyone, to include the former staff member and, "prison sexual abuse can violate the Constitution," Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018) Severe or repetitive sexual abuse of an inmate by a prison officer can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. As a properly stated Eighth Amendment claim must allege a subjective and objective element, Hudson v. McMillian, 503 U.S. 1, 8 (1992), the Eighth Amendment guarantees the right to be free

from "cruel and unusual punishments" while in custody. <u>Whitley v. Albers</u>, 475 U.S. 312, 318 (1986)

Sexual abuse of prisoners by correctional staff can violate the Constitution and this rule <u>is not limited</u> to <u>correctional staff</u> but also applies to other staff (nurses) who have authority over prisoners or access to them because of their positions. Defendant Paris was a former nurse at the NH State Prison in Concord NH, and the plaintiff was a prisoner which she had access too, since the defendant and plaintiff worked alone in the health services center from 11 p.m till 7 A.M., twice weekly for 5 1/2 years, and it was during these times that the defendant was having sexual intercourse and performing oral sex on the plaintiff in violation of NH law and D.O.C. policy, and the act of vaginal intercourse and/or fellatio between a prison inmate and a prison guard, whether consensual or not, is a per se violation of the Eighth Amendment. <u>Carrigan v. Davis</u>, 70 F. Supp. 2d 448, 452-53 (D. Del. 1999)

Defendant Paris perjured herself throughout her discovery... <u>saying she never engaged sexually with the plaintiff ever</u>, yet the Court now

concludes on page 5 of its order dated April 15th that it appears that the relationship between Paris and Covington was entirely consensual, though per NH Law, "a prisoner can never consent to sex voluntary, and per Prea, "the plaintiff was sexually assaulted.

Defendant Paris terminated her position with the NH State Prison, thereafter being forced to surrender her license per her statements in discovery and this was all because of her actions in violation of NH Law and D.O.C. policy, relating to staff members having sexual intercourse with prisoners and as the law was clearly established at the time of the violation (5½ years) the burden of proof that defendant Paris sexually abused the plaintiff has been established since the plaintiff could never voluntarily consent to sexual intercourse or having oral sex performed on him by defendant Paris per NH Law so it was never entirely consensual cause it could never be under no any circumstance.

The defendant perjured herself in discovery, "she did have sexual intercourse and perform oral sex on the plaintiff for 5½ years (twice weekly) and the plaintiff "under NH Law and D.O.C. policy" could

not voluntarily consent to sexual intercourse under no circumstances with anyone to include defendant Paris who had access to the plaintiff because of her position.

for the reasons stated and supported, summary judgment should not be entered in favor of the defendant.

James Covington, pro se

Date: 5/9/21

## Unsworn Declaration

* Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

James Covington, pro se
May 9, 2021
ID # 73730
N.NH.Cf.
138 E. Milan Rd
Berlin, NH 03570