UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

James Covington

   v.                                Civil No. 19-cv-384-JD

Veronica Paris


O R D E R

James Covington, who is an inmate at the New Hampshire State Prison for Men and is proceeding pro se, brought a claim that he was sexually assaulted by Veronica Paris, a nurse at the prison, and that the assault violated his Eighth Amendment rights. Paris is also proceeding pro se. In response to the parties' motions, the court has instructed them about the required procedures for moving for and opposing summary judgment. Docs. nos. 56, 62, 64.

Because Covington's motions for summary judgment did not meet the required standard under Federal Rule of Civil Procedure 56, the court set out the elements of his claim, along with potential defenses, to provide guidance for motion practice in the case. Docs. nos. 56 and 64. After Covington's motions were denied, the court directed Covington to show cause why his claim against Paris should not be dismissed under Rule 56(f). Covington has filed his memorandum, and Paris has filed her response.

Discussion

Covington contends that Paris sexually assaulted him in violation of his Eighth Amendment rights in the course of a relationship that extended over a five-year period.  In support, he provides a copy of the notification of an investigation finding by the Professional Standards Division of the Department of Corrections that found Covington's allegation of a sexual relationship with Paris was substantiated.  Paris denies that they had a sexual relationship but provides no evidence to support her denials.

To succeed on his claim of an Eighth Amendment violation, Covington bears the burden to show that Paris acted with a sufficiently culpable state of mind and that her actions were sufficiently objectively harmful to cause an Eighth Amendment violation.  Hudson v. McMillan, 503 U.S. 1, 8 (1992).  Sexual activity between an inmate and prison correctional staff violates the Eighth Amendment when it is sufficiently extended and severe and when the sexual activity amounts to assault because it is forced and, therefore, not consensual. See, e.g., Rafferty v. Trumbull County, Ohio, 915 F.3d 1087, 1095-96 (6th Cir. 2019); Graham v. Sheriff of Logan County, 741 F.3d 1118, 1125-26 (10th Cir. 2013); Covington v. Paris, 2021 WL 1430715,

at *1 (D.N.H. Apr. 15, 2021).  As he has throughout the case, Covington relies on a presumption that an inmate cannot consent to a sexual relationship with a prison guard so that the relationship is presumed to be coerced.  See id. at 2.

The court previously instructed Covington that the coercion presumption does not apply in this case, based on the record he has presented.  Id.  The court also instructed Covington about the evidence needed to prove coercion.  Id.  Despite the previous orders and the guidance provided, Covington continues to rely on a presumption that he has not shown would apply in this case.

Although Paris denies that any sexual relationship occurred, the finding of the Department of Corrections refutes her denials.  She provides no evidence to support her position.  Therefore, the court presumes that a sexual relationship occurred between Covington and Paris.

As the court has previously stated, Covington contends that their relationship continued over five years, during which time he never reported the relationship, never sought relief from sexual abuse, and never sought a work transfer to avoid Paris.  Paris was not a prison guard, and Covington has not shown that she had any authority over him.  She was a nurse, and he was not her patient.  Further, the investigation notice that Covington

submitted does not address coercion or force and did not find that Covington was sexually assaulted or abused.  Covington has not shown any grounds to support a presumption that he could not consent to a relationship with Paris because of coercion.

Based on the record presented, the relationship between Covington and Paris was entirely consensual.  For that reason, Covington cannot prove that sexual assault occurred and cannot prove that Paris violated his Eighth Amendment rights.

## Conclusion

For the foregoing reasons, Covington has demonstrated in the show cause memorandum that he cannot prove his Eighth Amendment claim against Paris.  Pursuant to Rule 56(f), the court grants summary judgment in favor of Paris.  The claim is dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 9, 2021

cc:  James Covington, pro se.
     Veronica Paris, pro se.